

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARNELL A. LEWIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0154** |
| **MARLIN GUSMAN** | **SECTION "B" (3)** |

## ORDER AND REASONS

Plaintiffs, Kevin Hennagir, Dwayne LeBlanc, and Raynell Bright filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 while incarcerated within the Orleans Parish Prison system.[1] Plaintiffs named as defendant Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, they asserted numerous and varied claims concerning the conditions of their confinement. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

---

[1] Inmate Darnell Lewis also signed the complaint. However, because he was neither granted pauper status nor paid the required filing fee, he is not considered a plaintiff in this lawsuit. Accordingly, the motion for summary judgment filed by defendant with respect to the claims asserted by Lewis, Rec. Doc. 40, is moot.

[2] Rec. Docs. 20, 21, and 22.

Pursuant to Fed.R.Civ.P. 56, Sheriff Gusman filed motions for summary judgment with respect to each plaintiff.[3] Plaintiffs were twice ordered to file memoranda in opposition to those motions,[4] but they have failed to do so.[5]

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[3] Rec. Doc. 41, 42, and 43.

[4] Rec. Docs. 46 and 49.

[5] The Court notes that Hennagir filed a request for oral argument, Rec. Doc. 47, which was denied; however, he never filed an opposition as ordered.

2

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In the motions for summary judgment, Sheriff Gusman contends that the claims in this lawsuit should be dismissed on the ground that plaintiffs failed to exhaust their administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

In support of the motion for summary judgment, Sheriff Gusman submitted affidavits of Kara Johnson, his in-house counsel, regarding the applicable Administrative Remedy Procedure. In those affidavits, Johnson stated:

> The Orleans Parish Criminal Sheriff's Office employs a three step process whereby inmate grievances are considered. In the first step, an inmate fills out an Inmate Grievance Form (ARP-1) listing the complaint. If the inmate's complaint is found to be grievable, the complaint is assigned for a response. After the first step response is received by the inmate, the inmate may, if dissatisfied with the response, file a Step

4

Two Form seeking to have his complaint reviewed by the Warden. If after receiving his second step response the inmate remains dissatisfied, he may file a third step request to the Sheriff or his delegate. In order to exhaust the administrative process, an inmate must complete each step of the grievance procedure.[6]

Johnson went on to state that she had reviewed plaintiffs' grievances from the commencement of their incarceration through date on which the instant lawsuit was filed and that none of those grievances related to the claims asserted in this lawsuit.[7] Copies of those grievances were also attached to the motions for summary judgment.[8]

A comparison of plaintiffs' claims in this lawsuit to their administrative grievances reveals that Johnson is correct. In this lawsuit, plaintiffs assert the following claims:

1. The law library system within the jail is inadequate and constitutes a denial of the inmates' rights to access to the courts.

2. Security is inadequate, as a result of improper classification of inmates and lack of proper staffing, training, and security systems.

3. Islamic inmates are not provided with a clergyman of their faith.

4. The environmental control and ventilation systems are old, inadequate, and in need of repair.

5. Commissary prices are too high.

6. Inmates are not provided with appropriate apparel and toiletries.

---

[6] Rec. Doc. 41, Exhibit B; Rec. Doc. 42, Exhibit B; Rec. Doc. 43, Exhibit B.

[7] Rec. Doc. 41, Exhibit B; Rec. Doc. 42, Exhibit B; Rec. Doc. 43, Exhibit B.

[8] Rec. Doc. 41, Exhibit A; Rec. Doc. 42, Exhibit A; Rec. Doc. 43, Exhibit A.

  7.  Inmates have to wait too long to see a doctor and to receive medical supplies.

  8.  Food is served in an unsanitary and unpalatable manner.

The record reflects that Kevin Hennagir filed five administrative grievances. In those grievances, he complained that one of the nurses had a "bad attitude" (grievance numbers 420499 and 420502), one of the deputies had a "bad attitude" (grievance number 483083), the prison dentist prescribed pain medication rather than pulling and capping a tooth as requested (grievance number 500645), and a prison doctor prescribed an antibiotic that did not result in a cure (grievance number 551537).[9]

The record reflects that Dwayne LeBlanc filed three administrative grievances. In those grievances, he complained that he was denied an "Arabic dictionary" and his Islamic faith was insulted (grievance number 492063), his personal property was scattered and mixed with that of other prisoners (grievance number 514300), and he was threatened and disrespected by a deputy (grievance number 541413).[10]

The record reflects that Raynell Bright filed three administrative grievances. In those grievances, he complained that his mother was threatened and mistreated by a deputy (grievance number 511577) and that the toilet on the prison yard was broken (grievance number 548638).[11]

In summary, Sheriff Gusman contends and has supplied records which demonstrate that plaintiffs failed to file any grievances regarding any of the claims asserted in this lawsuit prior to

---

[9] Rec. Doc. 41, Exhibit A.

[10] Rec. Doc. 42, Exhibit A.

[11] Rec. Doc. 43, Exhibit A.

6

filing the complaint. In light of that fact, as well as the fact that plaintiffs have not opposed the motion for summary judgment and met their burden to demonstrate that a genuine issue of material fact exists regarding the exhaustion issue, the Court finds that Sheriff Gusman is entitled to summary judgment pursuant to Fed.R.Civ.P. 56 and 42 U.S.C. § 1997e(a). To allow plaintiffs to proceed directly to federal court with their claims would undermine the congressional intent of § 1997e(a).[12]

Accordingly, the motions for summary judgment filed by Sheriff Gusman with respect to Kevin Hennagir, Dwayne LeBlanc, and Raynell Bright are **GRANTED** and plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The motion for summary judgment filed by Sheriff Gusman with respect to Darnell Lewis, who is not considered a plaintiff herein,[13] is **DENIED AS MOOT**.

---

[12] The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

[13] See *supra* note 1.

New Orleans, Louisiana, this 16 day of November, 2005.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**